MICHAEL J. BIDART #60582
RICARDO ECHEVERRIA #166049
STEVEN MESSNER #259606
**SHERNOFF BIDART ECHEVERRIA BENTLEY LLP**
600 South Indian Hill Boulevard
Claremont, California 91711
Phone:      (909)621-4935
Facsimile:  (909)625-6915

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FULLERTON, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al.<br><br>Defendants | Case No.: 13-CV-00926-CJC-RNB<br><br>[PROPOSED] PROTECTIVE ORDER |

WHEREAS there is good cause shown as set forth in the Stipulated Protective Order submitted by the Parties, the Court hereby GRANTS the Stipulated Protective Order as follows:

### ORDER

1.  For the purposes of this Protective Order, "DOCUMENTS" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a Party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

2. The Parties to this action have the right to designate as "CONFIDENTIAL" any documents, deposition testimony, or information in this action which either Party believes in good faith contains nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, developments, commercial financial information and/or any other proprietary, confidential, or competitively sensitive business information ("CONFIDENTIAL DOCUMENTS"). Any Party to this action also has the right to designate as CONFIDENTIAL any document previously provided to any Party as CONFIDENTIAL whether or not such document was previously designated CONFIDENTIAL at the time it was provided. Notwithstanding the foregoing, a Party's designation of a document as "CONFIDENTIAL" (or receipt by another party of a document designated as "CONFIDENTIAL") does not render an otherwise non-CONFIDENTIAL DOCUMENT into a CONFIDENTIAL DOCUMENT. By entering into this protective order providing for the designation of documents and other discovery materials as CONFIDENTIAL, no party is admitting that the contents of any such documents or other discovery materials are in fact confidential. However, no party receiving such a document, deposition testimony, or information, has the unilateral right to disregard such a designation. Rather, to challenge such a designation the procedures set forth herein must be followed.

3. Unless agreed to in writing by the respective counsel or otherwise ordered by the court, CONFIDENTIAL DOCUMENTS, and all information derived therefrom shall be used only in connection with, in preparation for and/or trial of this pending Lawsuit currently before United State District Court for the Central District of California (Case No.: 13-CV-00926-CJC-RNB)(the "ACTION"), and shall not be used or disclosed for any other purpose whatsoever.

4. By producing CONFIDENTIAL DOCUMENTS, producing Parties do not waive any objection to the CONFIDENTIAL DOCUMENTS' admissibility,

relevance, or any other ground of objection, all of which grounds are specifically reserved.

    5.    CONFIDENTIAL DOCUMENTS shall be treated as follows:

        a.    CONFIDENTIAL DOCUMENTS and any copies, summaries, extracts, notes or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION *only* to the following:

        b.    The Parties, their officers, employees, and agents who are working on this specific case;

        c.    Counsel of record for the Parties, counsel's employees, and/or agents who are working on this specific case;

        d.    Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this specific case but only to the extent such persons need such confidential information for that preparation;

        e.    The court and court personnel;

        f.    Employees of outside copy services used to make copies of CONFIDENTIAL DOCUMENTS;

        g.    The jury selected for trial in this matter (if any); and,

        h.    Any other person under such terms as may be agreed by the Parties in writing or as the court may hereafter order.

    6.    Any Party wishing to attach a CONFIDENTIAL DOCUMENT as an exhibit to any deposition in this ACTION shall inform the court report or transcriber who reports or transcribes testimony about this Protective Order before the beginning of the deposition. Portions of deposition transcripts marked "CONFIDENTIAL" shall be treated as if they were CONFIDENTIAL DOCUMENTS.



7. Any Party or nonparty giving deposition testimony in this ACTION may obtain CONFIDENTIAL treatment thereof by designating, during the course of that testimony, for which CONFIDENTIAL treatment is desired, the testimony claimed to be CONFIDENTIAL, or alternatively by designating the entire testimony to be CONFIDENTIAL, subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser CONFIDENTIAL portions in the event that the entire testimony is designated CONFIDENTIAL) within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as CONFIDENTIAL and shall mark the face of the separate bound transcript containing such testimony with the term CONFIDENTIAL. A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of receipt by said Party or nonparty of the transcript of said testimony. In that event that said portion of the transcript will be treated as CONFIDENTIAL under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in disclosure of CONFIDENTIAL information, all persons other than those persons entitled to receive such information shall be excluded from the room in which the deposition testimony is given.

8. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

[PROPOSED] PROTECTIVE ORDER

9. The Protective Order, its terms, the designation of a transcript as CONFIDENTIAL, the designation of DOCUMENTS as CONFIDENTIAL, or of the fact that material is confidential shall not be admissible during trial and shall not be communicated to the jury.

10. All CONFIDENTIAL DOCUMENTS, including all copies and information obtained from such CONFIDENTIAL DOCUMENTS shall, subject to the provisions hereof, be used by the person receiving them only in connection with prosecuting or defending persons or entities named in and in connection with this action. CONFIDENTIAL DOCUMENTS shall not be used for any business, competitive, or other purposes, and shall not be disclosed to any person or entity, except as provided herein.

11. In the event that a Party receiving material designated as CONFIDENTIAL disagrees with such a designation, that Party shall serve written notice of objection to the Party designating the material CONFIDENTIAL. The Parties shall then attempt in good faith to resolve the dispute. If the Parties are unable to come to a resolution after a good faith attempt to resolve the dispute, the Party challenging the protection of the material shall comply with the procedures embodied in Local Rules 37-1 and 37-2. The designation may not be disregarded unless and until it is ordered changed by the court.

12. The inadvertent or unintentional disclosure by a producing Party or nonparty of CONFIDENTIAL DOCUMENTS, information, or testimony in this ACTION, regardless of whether the information was designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or non-party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Federal Rule of Evidence Rule 502. Counsel for the Parties and/or non-parties shall in any event, to the extent possible, upon discovery of inadvertent



error, cooperate to restore the confidentiality of the CONFIDENTIAL or privileged material that was inadvertently or unintentionally disclosed.

13. Upon final determination of this action, whether by judgment or settlement or otherwise, including all appeals, counsel of record will continue to protect the confidentiality of information contained in CONFIDENTIAL DOCUMENTS.

14. The execution of this Protective Order shall not preclude any party from moving the court for protective orders in the course of this litigation, objecting to discovery that it believes to be improper, or requesting that the Court seal documents deposited with the Court or used in any filing or proceeding with the Court.

15. This Protective Order is subject to amendment and modification only by further written stipulation among counsel of record in this action and by order of the court. No modification or amendment of the protective order shall have the force or effect of a Court order unless the Court approves the modification or amendment.

The Parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

**IT IS SO ORDERED.**

Dated   July 10, 2014

_____
Hon. Robert N. Block
United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER